IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SANDRA HOLT, Personal Representative :
of the Estate of NICOLE SMITH-SANTEE, :
deceased; SANDRA HOLT, as Next Friend :
of MAKENZI JESTER, a minor child; and :     C.A. No. K15C-04-032 WLW
SANDRA HOLT, as Next Friend of :     Kent County
MAKENNA C. SMITH, a minor child, :
                               :
         Plaintiffs, :

        v. :

AARON MITCHELL, individually and in :
his official capacity with the Seaford Police :
Department; THE CITY OF SEAFORD, :
DELAWARE; THE CITY OF SEAFORD :
POLICE DEPARTMENT; CURTIS :
WILLIAM FLETCHER, an individual; and :
CHRISTINA M. FESTEVOLE, an individual,:
                               :
         Defendants. :

Submitted: March 11, 2016
Decided: May 25, 2016

**ORDER**

Upon Defendants' Motion for Partial Summary Judgment.
*Granted.*

Nicholas H. Rodriguez, Esquire of Schmittinger and Rodriguez, P.A., Dover, Delaware; attorney for Plaintiffs.

Daniel A. Griffith, Esquire and Kaan Ekiner, Esquire of Whiteford, Taylor & Preston, LLC, Wilmington, Delaware; attorneys for Defendants Aaron Mitchell, City of Seaford, Delaware and the City of Seaford Police Department.

WITHAM, R.J.

In this motion for partial summary judgment, the Court is asked to determine whether a commercial automobile insurance policy purchased by the City of Seaford limits liability for tort claims to $300,000. Defendants Officer Aaron Mitchell ("Officer Mitchell"), the City of Seaford, Delaware ("Seaford"), and the City of Seaford Police Department (the "Department") (collectively, the "Defendants") contend that the insurance policy limit is $300,000. Plaintiff Sandra Holt ("Holt"), as personal representative of the estate of Nicole Smith-Santee and next friend to minor children Makenzi Jester and Makenna C. Smith, contends the insurance policy limit is $1,000,000. The Defendants have filed this motion for partial summary judgment seeking to limit any damage award against them to $300,000. For the following reasons, the Defendants' motion for partial summary judgment is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2013, Officer Mitchell was on duty in his capacity as a police officer with the Department. At approximately 5 p.m., Officer Mitchell allegedly observed Curtis Fletcher ("Fletcher") operating a motorcycle while carrying a passenger. The passenger, Nicole Smith-Santee ("Smith-Santee"), was not wearing a helmet. Officer Mitchell activated his emergency lights and signaled for Fletcher to pull over. Rather than stopping, Fletcher accelerated in an apparent attempt to avoid the traffic stop. Officer Mitchell allegedly engaged in a high speed chase which culminated in Fletcher's collision with a Ford F-150 pickup truck. As a result of the collision, Smith-Santee was ejected from the motorcycle and suffered injuries which ultimately resulted in her death.

In April 2015, Holt filed a complaint seeking damages for the wrongful death of Smith-Santee. In November 2015, the Defendants filed the motion now before the Court seeking to limit any award of damages to $300,000 under the Delaware County and Municipal Tort Claims Act.

## STANDARD OF REVIEW

Summary judgment will be granted when, viewing all of the evidence in a light most favorable to the nonmoving party, the moving party demonstrates that "there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law."[1] This Court shall consider the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in determining whether to grant summary judgment.[2] When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate.[3] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[4]

## DISCUSSION

In 1979, the Delaware General Assembly amended the Delaware Tort Claims

---

[1] *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991) (citing *Benge v. Davis*, 553 A.2d 1180, 1182 (Del. 1989)); *see also* Super. Ct. Civ. R. 56(c).

[2] Super. Ct. Civ. R. 56(c).

[3] *Ebersole v. Lowengrub,* 180 A.2d 467, 468-69 (Del. 1962) (citing *Knapp v. Kinsey,* 249 F.2d 797, 802 (6th Cir. 1957)).

[4] *Wootten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

Act to add new provisions that reestablished the principle of sovereign immunity for counties and municipalities. The legislature noted that court decisions abrogating sovereign immunity for counties and certain municipalities had increased the cost of insurance to the point where vital local government services had been placed in jeopardy.[5] The amendment added Subchapter II which was titled County and Municipal Tort Claims. This subchapter included the codification of a limitation on tort damages which limited recoveries to $300,000 for any and all claims arising out of a single occurrence.[6] In 1984, the General Assembly amended the limitation on damages. This amendment limited recoveries to $300,000 "for any and all claims arising out of a single occurrence, except insofar as the political subdivision elects to purchase liability insurance in excess of $300,000 in which event the limit of recovery shall not exceed the amount of the insurance coverage."[7] The 1984 amendment is the current law and is codified in 10 *Del. C.* § 4013.

When a county or municipality chooses to purchase insurance coverage, the insurance contract will be interpreted in a common sense manner that gives effect "to all provisions so that a reasonable policyholder can understand the scope and limitation of coverage."[8] Unambiguous language in an insurance contract will be given its plain and ordinary meaning.[9] Where no ambiguity exists, the Court is

---

[5] 62 Del. Laws ch. 124, § 2 (1979).

[6] *Id.*

[7] 64 Del. Laws ch. 442, § 1 (1984).

[8] *Wygant v. Geico Gen.*, 2011 WL 3586488, at *1 (Del. Aug. 16, 2011) (TABLE).

[9] *Bermel v. Liberty Mut. Fire Ins. Co.*, 56 A.3d 1062, 1070 (Del. 2012).

constrained by the language of an insurance contract and "should not distort the language to reach a desired result."[10]

The City of Seaford elected to purchase liability insurance. At the time relevant to the case *sub judice*, the city was insured by a commercial automobile policy issued by The Travelers Indemnity Company ("Travelers"). The question before the Court is simply whether this insurance policy provided for coverage of $300,000 or for coverage of $1,000,000 for tort claims subject to 10 *Del. C.* § 4013. Paragraph C of Section II of the Business Auto Coverage Form stated that the most Travelers would pay for any one accident was "the limit of Insurance for Liability Coverage shown in the Declarations."[11] These Declarations showed that Seaford had obtained business automobile liability coverage in an amount of $1,000,000.[12] However, paragraph C was subject to an endorsement that modified liability coverage for claims subject to the section 4013.[13]

The endorsement contained two sections. The sections were titled "Schedule of Liability Limits" and "Provisions."[14] The Schedule of Liability Limits defined the Delaware Statutory Cap Limit as $300,000. The Provisions section stated that the limit of insurance liability coverage was "further limited by the Delaware Statutory Cap Limit, shown in the Schedule of Liability Limits." The Provisions section further

---

[10] *Lank v. Moyed*, 909 A.2d 106, 110 (Del. 2006).

[11] Def.'s Mot. for Summ. J. Ex A-1 at 22 (pg. 5 of the Business Auto Coverage Form).

[12] *Id.* at 11 (Business Auto Coverage Part Declarations).

[13] *Id.* at 31 (Statutory Cap Limit of Insurance Endorsement-Delaware).

[14] *Id.*

stated that the Delaware Statutory Cap Limit was the most Travelers would pay for damages resulting from any one accident that was subject to section 4013. Because the Delaware Statutory Cap Limit was defined as $300,000 in the Schedule of Liability Limits, and because the Provisions section *specifically* referred to this definition, the Court finds that the endorsement unambiguously limited liability to $300,000 per accident for accidents subject to section 4013. For the Court to agree with Plaintiffs' position, I find that we would have to stretch or distort the language to reach a desired result. This I will not do.

## CONCLUSION

Title 10, section 4013 of the Delaware Code limits any action for damages against a political subdivision and its employees to the greater of $300,000 or the amount of purchased insurance coverage. Based upon the Court's finding that Seaford purchased liability insurance coverage in an amount of $300,000 for claims covered under this statute, any award of damages against Mitchell, Seaford, and the Department must be limited to $300,000. Thus, the Defendants' motion for partial summary judgment is **GRANTED.**

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh

6